### No. 7790.

### Roth, DeBlieux & Co. vs. Joseph Hotard. J. Mathews, Executor, Garnishee.

Where a judgment creditor propounds interrogatories in garnishment to the executor of a succession in which the judgment debtor is a forced heir, and where the executor answers that he holds the property of the succession as executor to pay the legacies, debts, and charges, and that the debtor would be entitled to a certain proportion of the residue after all these have been paid, a judgment for a specific sum cannot be rendered against him upon such answers.

APPEAL from the Fifth Judicial District Court, parish of Iberville. McVea, J.

---

Alexander Hébert for plaintiffs and appellants:

First—Intervenors cannot question the legality or validity of the proceedings on which the intervention is engrafted.

Second—The tenure by which an executor holds the property of a succession is for the benefit of all concerned therein.

Third—Hereditary rights in the possession of the executor are liable to the process of garnishment.

No brief filed for appellee.

---

The opinion of the court was delivered by

Manning, C. J. The plaintiffs are judgment creditors of the defendant. The judgment was obtained in 1866 and has been revived. In 1878 Alexander Hotard, the father of the defendant, died, having appointed Samuel Mathews executor of his will, and after directing certain legacies therein made to be paid, as well as his debts and charges of his succession, divided his property equally between his ten children.

The inventory of his property was taken on April 4, 1878, immediately after his death. The executor qualified on the 11th of same month, and on the 16th, the plaintiffs issued a *fi. fa.* on their judgment,

and did not seize the right, share, and interest of their debtor in the succession, but propounded interrogatories to the executor in garnishment.

He answered, as might have been expected, that he held the property of the succession as executor to pay the legacies, debts, and charges, and that Joseph Hotard would be entitled to one tenth of the residuum after all these had been paid. The plaintiffs demanded a judgment against him upon these answers which the lower court correctly refused.

Substantially his answer is that he holds the property to pay the legatees and creditors primarily, and therefore not for the present benefit of the judgment debtor who is an heir of the succession, and this had been held not to be an admission that he holds funds which belong of right to the defendant debtor so as to entitle the plaintiffs to a judgment against him for the money. Larche v. Kent, 10 Annual, 146.

A judgment for a specific sum could not be rendered against him upon such answers, and their truth, correctness, and completeness is not disputed.

An intervention was filed by one McWilliams, the purpose of which seems to have been more to dispute the validity of the garnishment than to obtain any substantial benefit. He was also a judgment creditor of the same debtor. The court dismissed the garnishment, and sustained the intervention only so far as is implied by such dismissal.

Judgment affirmed.

Mr. Justice WHITE is recused in this case.